IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

SHAKESHIA FOXWORTH, ADMINISTRATRIX FOR
THE ESTATE OF LESTER FOXWORTH                                    PLAINTIFF

VS.                                                    CAUSE NO. 2:10cv00226-KS-MTP

CHANNEL CONTROL MERCHANTS, LLC
F/K/A HUDSON SUPPORT SERVICES, LLC
A/K/A HUDSON SALVAGE                                              DEFENDANT

**AFFIRMATIVE DEFENSES AND ANSWER OF DEFENDANT CHANNEL
CONTROL MERCHANTS, LLC F/K/A/ HUDSON SUPPORT
SERVICES, LLC A/K/A HUDSON**

COMES NOW Defendant Channel Control Merchants, LLC f/k/a Hudson Support

Services, LLC a/k/a Hudson Salvage (hereinafter "Defendant") and responds to the Complaint

filed against it by Shakeshia Foxworth, Administratix for the Estate of Lester Foxworth, as

follows:

**FIRST DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

The Complaint is barred, in whole or in part, by estoppel, laches, waiver and the unclean

hands doctrine.

**THIRD DEFENSE**

Any damages the decedent may have suffered were proximately caused by his actions

and/or omissions or the acts and/or omissions of others and were not the results of any actions

and/or omissions of Defendant.

**FOURTH DEFENSE**

All of Defendant's actions towards the decedent were based on legitimate factors.

## FIFTH DEFENSE

Any pay differential about which decedent complained was based on legitimate factors other than race.

## SIXTH DEFENSE

The Court is without subject matter jurisdiction or, alternatively, the Complaint fails to state a claim upon which relief can be granted, with respect to any Title VII claims of discrimination not asserted in a timely and valid charge filed by the decedent with the EEOC. Moreover, the Court is without subject matter jurisdiction or, alternatively, the Complaint fails to state a claim upon which relief can be granted, with respect to any Title VII claims of discrimination that exceed the scope of a timely and valid charge filed by the decedent with the EEOC.

## SEVENTH DEFENSE

Any claims under Title VII are time-barred to the extent that any of them are based on acts, omissions, conduct, decisions or events that occurred more than 180 days prior to decedent's filing of a charge with the EEOC alleging such matters.

## EIGHTH DEFENSE

To the extent that Plaintiff failed to file this lawsuit within 90 days of receipt of the Notice of Right to Sue from the EEOC, the Title VII claims are barred.

## NINTH DEFENSE

While denying that the decedent stated a claim upon which punitive damages would be recoverable under Title VII or any other state or Federal law, Defendant nevertheless avers that at all times it has exercised good faith efforts to comply with Title VII, state and federal law and that any conduct alleged to be violative of those laws would be contrary to Defendant's efforts and established policies and cannot serve to impose punitive damage liability upon Defendant.

## TENTH DEFENSE

Defendant pleads the statutory cap on damages contained in 42 U.S.C. § 1981a(b)(3)(D).

## ELEVENTH DEFENSE

Defendant pleads all applicable statutes of limitations both as bars to the claims and relief asserted and as limitations upon the evidence and discovery properly within the scope of this action.

## TWELFTH DEFENSE

The claims for damages or other monetary relief are barred to the extent that decedent failed to mitigate the consequences of the actions of which he complains and to the extent that (i) decedent received off-setting earnings, income or income substitutes from any sources since the time of the alleged adverse employment action, (ii) decedent failed to exercise reasonable diligence in seeking, accepting, and maintaining other employment or self-employment which would reduce any alleged losses, and/or (iii) decedent was unavailable for work during any period for which he claims monetary losses.

## THIRTEENTH DEFENSE

To the extent that any recovery may be barred due to after-acquired evidence, any recovery must be appropriately offset.

## FOURTEENTH DEFENSE

Any personnel decisions or actions by Defendant affecting decedent were taken for legitimate reasons and in good faith and were not based upon decedent's race or any other prohibited characteristic.

## FIFTEENTH DEFENSE

Notwithstanding any other defense, while Defendant specifically denies that any personnel decisions or actions affecting decedent were based on decedent's race or any other

prohibited characteristic, Defendant further avers that, even if race or any other prohibited characteristic had been a motivating factor in any personnel decision or action affecting decedent, the same action or inaction would have occurred in the absence of that factor. Consequently, the claims for damages are precluded.

### SIXTEENTH DEFENSE

Defendant did not engage or participate in, authorize, permit, direct, condone or ratify any alleged unlawful, improper or otherwise actionable conduct.  At all times, Defendant acted in good faith.

### SEVENTEENTH DEFENSE

Defendant did not engage in conduct warranting punitive damages, punitive damages cannot be justified in this case, and any award for punitive damages against Defendant would be in violation of the constitutional safeguards provided to Defendant under the constitutions of the State of Mississippi and the United States of America.  Specifically:

1.      Any imposition of punitive damages against Defendant in this case would violate the due process clauses of the Fourteenth Amendment to the United States Constitution and of Article 3, Section 14 of the Mississippi Constitution of 1890 in that the basis for imposing liability, for awarding punitive damages and for trial and appellate review of any such award is vague, retroactive, limitless, standardless and not rationally related to any legitimate governmental interests.

2.      Any imposition of punitive damages against Defendant in this case would constitute an excessive fine in violation of Article 3, Section 28 of the Mississippi Constitution of 1890 and of the due process clauses of the Fourteenth Amendment to the United States constitution and of Article 3, Section 14 of the Mississippi Constitution of 1890.

3.      Any imposition of punitive damages against Defendant in this case based on wealth would violate the equal protection clause of the Fourteenth Amendment to the United States Constitution.

4.      Any award of punitive damages against Defendant in this case would be violative of the procedural safeguards provided to Defendant under the Fourth, Fifth and Sixth amendments to the United States Constitution in that punitive damages are penal in nature, and Defendant is entitled to the same procedural safeguards accorded to those charged with crimes against the State or against the United States.

5.      Any imposition of punitive damages against Defendant in this case would constitute an ex post facto law in violation of Article 1, Section 10, Clause 1 of the United States Constitution and of Article 3, Section 16 of the Mississippi Constitution of 1890.

## EIGHTEENTH DEFENSE

The defendants preserve all rights and defenses provided by Mississippi Code Annotated Section 11-1-65, as amended.

## NINETEENTH DEFENSE

Some or all of the claims may be barred by the exclusive remedy provisions of the Mississippi Workers' Compensation Act.

## TWENTIETH DEFENSE

The requests for damages exceed the scope of allowable damages in a Title VII action.

## TWENTY-FIRST DEFENSE

Plaintiff lacks standing to assert these claims and to bring this lawsuit.

## TWENTY-SECOND DEFENSE

A cause of action under Title VII of the Civil Rights Act of 1964 does not survive in favor of the administrator of the estate of a deceased aggrieved individual.

## TWENTY-THIRD DEFENSE

The claims for damages asserted in the Complaint, including the claim for punitive damages and emotional distress damages, do not survive in favor of the administrator of the estate of a deceased aggrieved individual.

## TWENTY-FOURTH DEFENSE

An administrator of the estate of a deceased aggrieved individual cannot state a claim for damages beyond the date of death.

## TWENTY-FIFTH DEFENSE

Defendant reserves the right to supplement its answer and to assert any defense and affirmative defense of which it may become aware through discovery or otherwise.

## TWENTY-SIXTH DEFENSE AND RESPONSE
## TO THE ALLEGATIONS OF THE COMPLAINT

And now responding to the separately numbered paragraphs of the complaint, Defendant states as follows:

Defendant denies the allegations contained in the first unnumbered paragraph of the Complaint.

## JURISDICTION AND VENUE

## I.

Defendant denies the allegations contained in Paragraph I of the Complaint, except Defendant admits that the United States District Court for the Southern District of Mississippi, Hattiesburg Division has subject matter jurisdiction for causes of action arising under 42 U.S.C. §2000e.

**II.**

Defendant denies the allegations contained in Paragraph II of the Complaint, except Defendant admits that venue is proper in the United States District Court for the Southern District of Mississippi, Hattiesburg Division.

**III.**

Defendant admits the allegations contained in Paragraph III of the Complaint.

**PARTIES**

**IV.**

Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph IV of the Compliant and therefore denies those allegations.

**V.**

Defendant denies the allegations contained in Paragraph V of the Complaint, except Defendant admits that process may be served on Channel Control Merchants, LLC by serving a copy of the Complaint and Summons on its Chief Executive, Rob Roberts, at 6892 United States Highway 49 North, Hattiesburg, Mississippi 39403.

**FACTS**

**VI.**

Defendant denies the allegations contained in Paragraph VI of the Complaint, except Defendant admits that Lester Foxworth, a black male, was hired by CCM Support Services, LLC in or around March 2008, that Lester Foxworth trained for the position of Processing Manager and that Lester Foxworth assumed the position of Processing Manager.

**VII.**

Defendant denies the allegations contained in Paragraph VII of the Complaint.

## VIII.

Defendant denies the allegations contained in Paragraph VIII of the Complaint.

## IX.

Defendant denies the allegations contained in Paragraph IX of the Complaint as phrased. By way of further answer, Defendant avers that Foxworth did have performance problems in the Processing Manager position and Troy Ulrich did counsel with Foxworth about these performance problems.

## X.

Defendant denies the allegations contained in Paragraph X of the Complaint as phrased. By way of further answer, Defendant avers that Foxworth did have performance problems in the Processing Manager position and Troy Ulrich did counsel with Foxworth about these performance problems.

## XI.

Defendant denies the allegations contained in Paragraph XI of the Complaint, except Defendant admits that Foxworth was demoted from the Processing Manager position and his pay was cut in or around November 2009.

## XII.

Defendant denies the allegations contained in Paragraph XII of the Complaint, except Defendant admits that Foxworth called in sick in or around November 2009.

## XIII.

Defendant denies the allegations contained in Paragraph XIII of the Complaint, except Defendant admits that Foxworth's employment was terminated on or about November 16, 2009.

## XIV.

Defendant denies the allegations contained in Paragraph XIV of the Complaint.

## DEATH OF FOXWORTH

### XV.

Defendant denies the allegations contained in Paragraph XV of the Complaint.

### XVI.

Defendant denies the allegations contained in Paragraph XVI of the Complaint.

## ADMINISTRATIVE PROCEEDINGS

### XVII.

Defendant denies the allegations contained in Paragraph XVII of the Complaint, except Defendant admits that Foxworth filed an EEOC charge of discrimination against Hudson Support Services, LLC.

### XVIII.

Defendant admits the allegations contained in Paragraph XVIII of the Complaint.

### XIX.

Defendant denies the allegations contained in Paragraph XIX of the Complaint.

### XX.

Defendant denies the allegations contained in Paragraph XX of the Complaint.

## CAUSES OF ACTION

### Count One:  Violations of Title VII

### XXI.

Defendant admits the allegations contained in Paragraph XXI of the Complaint.

### XXII.

Defendant denies the allegations contained in Paragraph XXII of the Complaint.

### XXIII.

Defendant denies the allegations contained in Paragraph XXIII of the Complaint.

Defendant denies the allegations contained in the unnumbered paragraph that begins with the words "**WHEREFORE, PREMISES CONSIDERED,**" denies that its actions violated Title VII or any other federal or state law and denies that Plaintiff is entitled to any relief whatsoever.

Defendant denies each and every allegation not specifically admitted herein.

Respectfully submitted,

**CHANNEL CONTROL MERCHANTS, LLC
F/K/A HUDSON SUPPORT SERVICES, LLC
A/K/A HUDSON SALVAGE**

By: /s/Alison Tasma Vance
PAULA GRAVES ARDELEAN (MB #4975)
ALISON TASMA VANCE (MB #10113)

ATTORNEYS FOR DEFENDANT

OF COUNSEL:

BUTLER, SNOW, O'MARA, STEVENS
   & CANNADA, PLLC
P.O. Box 6010
Ridgeland, MS 39158-6010
Phone: (601) 948-5711
Fax:    (601) 985-4500
alison.vance@butlersnow.com

## CERTIFICATE OF SERVICE

I, Alison Tasma Vance, one of the attorneys for the Defendant, do hereby certify that I electronically filed the foregoing with the Clerk of the Court using the ECF system and sent via U.S. Mail to the following:

Stephanie N. Morris
Charisse C. Gordon
Morris & Associates
PO Box 656
900 S. Chrisman Avenue
Cleveland, MS  38743

ATTORNEY FOR PLAINTIFF

SO CERTIFIED, this the 28th day of October, 2010.

/s/Alison Tasma Vance
Alison Tasma Vance